UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)                              Date:  August 11, 2015

Title:     Arthur Williams, et al. -*v*- Brinderson Constructors Inc., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Relief Deputy Clerk:                  Court Reporter:
    Cheryl Wynn                            Not Reported

    Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
    None Present                           None Present

**Proceedings (In Chambers):**  ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [18]

    Before the Court is the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the Alternative, to Stay Proceeding (the "Motion") filed by Defendant Brinderson Constructors, Inc. ("Brinderson") on May 22, 2015.  (Docket No. 18).  Plaintiffs Arthur Williams and Carl Curtis filed an Opposition to Motion to Dismiss (the "Opposition") on June 15, 2015.  (Docket No. 22). Brinderson filed a Reply Brief in Support of Its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the Alternative, to Stay Proceedings (the "Reply") on June 22, 2015.  (Docket No. 24).

    The Court considered the papers submitted by the parties and held a hearing on July 6, 2015.  For the reasons stated below, the Court **GRANTS** *in part* and **DENIES** *in part* the Motion.  Specifically the Court denies the Motion as to Plaintiffs' fifth claim for relief for meal and rest break violations, and as to Plaintiffs' third and seventh claims for relief under California's Unfair Competition Law and Private Attorney's General Act (PAGA), to the extent they are based on Plaintiffs' fifth claim.  The Court dismisses the remaining claims ***without leave to amend***.

I.    APPLICABLE LEGAL STANDARD

    In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)                                     Date:  August 11, 2015

Title:      Arthur Williams, et al. -*v*- Brinderson Constructors Inc., et al.

556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).  However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief.  *Id*. at 679.

    Where all claims are subject to arbitration, a district court may dismiss the complaint under Rule 12(b)(6).  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004).  Section 3 of the Federal Arbitration Act provides that in a suit or proceeding brought in district court involving any issue subject to a written arbitration agreement, the district court shall, "upon being satisfied that the issue involved . . . is referable to arbitration . . . [and] on application of one of the parties[,] stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  Nevertheless, Ninth Circuit precedent makes clear that § 3 does not require district courts to stay the proceedings pending arbitration.  *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming the district court's dismissal and finding § 3 "did not limit the court's authority" to dismiss the case despite a party's request to stay).  Accordingly, district courts may dismiss claims subject to arbitration pursuant to Rule 12(b)(6), regardless of whether a party requests a stay or not. *See Thinket*, 368 F.3d at 1060.

    As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012).  There are, however, two exceptions to this general rule: the "incorporation by reference" doctrine and matters which may be judicially noticed.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

---

**CIVIL MINUTES—GENERAL**                                                                 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)                    Date:  August 11, 2015

Title:      Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

(holding that district court improperly dismissed complaint when it took judicial notice of disputed facts).  A court "must consider" the complaint as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that in alleging fraud under § 10(b) of the Securities Exchange Act of 1934 a plaintiff must plead facts rendering inference of scienter at least as likely as any plausible opposing inference).

      Brinderson filed a Request for Judicial Notice (the "RJN") asking that the Court take judicial notice of six documents. (Docket No. 19).  The first four are documents from another employment action brought against Brinderson in this District: (1) the Complaint filed in *Maiava v. Brinderson Constructors, Inc.*, No. CV-14-05514-BRO (AJWx) (the "*Maiava* Action") (RJN, Ex. 1); (2) the First Amended Complaint in the *Maiava* Action (RJN, Ex. 2); (2) Brinderson's Motion to Dismiss filed on August 8, 2014 (RJN, Ex. 3); and (4) the Order arising from Brinderson's Motion issued by the Court on September 11, 2014 (RJN, Ex. 4).  The Court takes judicial notice of these documents as records of litigation in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

      The fifth and sixth documents are a map of the Santa Barbara Channel issued by the United States Department of Interior, Bureau of Safety and Environmental Enforcement/Bureau of Ocean Energy Management, and a list of the oil platforms in the Santa Barbara Channel compiled by the Department of the Interior's Bureau of Safety and Environmental Enforcement.  (RJN, Exs. 5, 6).  These are submitted to support Brinderson's contention that the oil platforms at issue, and consequently Plaintiffs' claims, are subject to the Outer Continental Shelf Lands Act ("OCSLA").

      Plaintiffs do not oppose the RJN, nor do they contest that the OCSLA applies to this action.  The Court takes judicial notice of the map and the list. *See United States v. $127,000 in United States Currency*, No. C 11-06605 LB, 2012 U.S. Dist. LEXIS at * 19-20 (N.D. Cal. July 17, 2012) (taking judicial notice of "maps of the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)           Date:  August 11, 2015

Title:      Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

Department of Conversation to show the extent of oil and gas production activities in San Luis Obispo and Santa Barbara Counties"); *see also Hays v. National Elec. Contractors Ass'n*, 781 F.2d 1321, 1323 (9th Cir. 1985) (taking judicial notice of an American Automobile Association's map to show counties included in a forty mile radius from a union's hiring hall).

       Accordingly, the Court **GRANTS** the RJN.

       The Court also takes judicial notice of California Industrial Welfare Commission Wage Order 16-2001 ("Wage Order 16"), which is referenced in the Collective Bargaining Agreement that governs Plaintiffs' employment from which their claims arise.

## II.     BACKGROUND

       Plaintiffs brought this purported class action in Santa Barbara County Superior Court against Brinderson asserting six claims for relief for violations of California wage, hour and minimum wage laws. (Notice of Removal, Ex. 1, Complaint (Docket No. 1-1)). Brinderson removed the action to this Court on April 3, 2014 after Plaintiffs had filed a First Amended Complaint ("FAC"), but before being served the FAC. (Docket No. 9). The FAC is the operative complaint.

       Brinderson provides engineering, procurement, maintenance, and turnaround services to energy-related industries, including upstream oil and gas production. (Mot. at 4). This includes maintenance, repairs, and construction on oil platforms, such as those off the California coast on which Plaintiffs worked. (*Id.*). Plaintiffs were members of the United Steel, Paper, Forestry, Rubber, Manufactory, Energy, Allied Industrial and Service Workers International Union on behalf of International Union of Petroleum and Industrial Workers – United Steel Workers, Local 1945 ("USW"). (*Id.*). Williams was employed by Brinderson for four years until approximately April 2014. (FAC ¶ 12). Curtis was employed by Brinderson from December 2013 to April 2014. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)          Date:  August 11, 2015

Title:     Arthur Williams, et al. -*v*- Brinderson Constructors Inc., et al.

     Plaintiffs worked for Brinderson on oil platforms off the coast of California. (FAC ¶ 13). Typically, they worked for seven days on the refinery and then had seven days off the refinery. During those seven days they worked 12-hour shifts. They could not leave the oil platform until the end of their seven-day shift. (*Id*.). However, Plaintiffs allege that they were paid only for the 12-hour shift that they worked on those days, in violation of California labor law. (*Id*.).

     Plaintiffs assert seven claims for relief: (1) failure to pay minimum wage for all the time when Plaintiffs were on the oil platforms, but could not leave in violation of California Labor Code section 1194 and *Mendiola v. CPS Security Solutions, Inc.*, 60 Cal. 4th 833 (2015); (2) for pay stub violations under California Labor Code section 226; (3) engaging in unfair business practices in violation of California Business and Professions Code section 17200 et seq. ("UCL"); (4) violations of California Labor Code section 203 for failure to timely pay final wages; (5) violations of California Labor Code sections 226.7 and 512 for failure to provide lawful meal and rest breaks; (6) violations of California Labor Code section 510 for failure to pay overtime for the 12 hours for which they were not paid on each day they could not reasonably leave the oil platforms on which they worked; and (7) a claim brought under California's Private Attorneys General Act ("PAGA") for the Labor Code violations that form the basis of Plaintiffs' other claims.

## III.  DISCUSSION

     Brinderson seeks dismissal under both Rule 12(b)(1) and 12(b)(6). Brinderson makes two arguments for dismissal: First, California law – upon which all of Plaintiffs' claims are based – does not apply to the oil platforms on which Plaintiffs worked, but rather the employment relationship is governed by the FLSA. The Court decides this difficult issue in favor of Brinderson and therefore grants the Motion without leave to amend. However, Plaintiffs' fifth claim is governed by California law per the Collective Bargaining Agreement (the "CBA") between Brinderson and the USW, and so survives dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)             Date:  August 11, 2015

Title:      Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

      Second, Brinderson argues that there is a valid and enforceable arbitration provision that governs Plaintiffs' claims under the CBA. Under that provision, Plaintiffs were required to submit their claims to the grievance and arbitration procedure outlined in the CBA. In light of its ruling on the application of California law to Plaintiffs' claims, the Court need only decide this issue as to Plaintiffs' fifth claim. However, it nonetheless outlines how it would have ruled as to each of Plaintiffs' claims in case this Order is appealed.

### A.     California Law Does Not Apply Except as Provided in the CBA

      The OCSLA established federal jurisdiction over the Outer Continental Shelf on which the oil platforms on which Plaintiffs worked sit. The parties do not contest that the OCSLA governs the oil platforms. In addition to establishing federal jurisdiction, the OCSLA also adopted the criminal and civil laws of the adjacent state to the extent that they are "not inconsistent with . . . Federal laws." 43 U.S.C. § 1333(a). Brinderson contends that the Federal Fair Labor Standards Act ("FLSA") is generally inconsistent with California law, which means that California law both does not become adopted because a sufficient federal regime is in place, and may not be adopted because California law (particularly *Mendiola*) is inconsistent with federal law as articulated by interpretive regulations and case law.

      Plaintiffs make three arguments in response: First, the savings clause of the FSLA allows California to provide greater minimum wage protection than the floor set by the Act, and so *Mendiola* is consistent with Federal law. Second, the cases cited by Brinderson do not constitute "Federal law" and so are irrelevant to the analysis of whether *Mendiola* applies. Third, even if the cases rejecting a similar expansion of minimum wage and overtime requirements applied, they apply only to federal enclaves, and so are not applicable to the oil platforms at issue in this action.

      The question before the Court is the effect of the FLSA both as a comprehensive federal legal regime governing employment and whether it serves a floor upon which states are able to expand even within federal enclaves such as oil platforms on the

---

**CIVIL MINUTES—GENERAL**                               6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)                    Date:  August 11, 2015

Title:    Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

Outer Continental Shelf.  On the one hand, state law is not required to fill gaps in federal law on the oil platforms because the FLSA provides a sufficiently comprehensive statutory scheme.  Further, its savings clause is not relevant because it is being applied to a federal enclave and not over already existing state territory.

On the other hand, the savings clause of the FLSA works precisely to allow greater protection, and so, per Plaintiffs' argument *Mendiola* and other California state law cannot be inconsistent with federal law.  Therefore, under the terms of the OCSLA, California law (including *Mendiola*) applies to the oil platforms.

As the Supreme Court has explained "[t]he intent behind OCSLA was to treat the artificial structures covered by the Act as upland islands or as federal enclaves within a landlocked State." *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 217 (1986) (citing *Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 361–366 (1969)).  However, the Supreme Court has also recognized that "[s]ince federal law, because of its limited function in a federal system, might be inadequate to cope with the full range of potential legal problems, [OSCLA] supplemented gaps in the federal law with state law through the 'adoption of State law as the law of the United States.'" *Rodrigue*, 395 U.S. at 357.

In light of the Supreme Court's reasoning in *Rodrigue*, the Court determines that California labor law is not incorporated as federal law under the OCSLA for two reasons:

*First*, the FLSA provides a sufficient statutory scheme such that state law is unnecessary.  *See Rodrigue* 395 U.S. at 357 ("[OSCLA] supplemented gaps in the federal law with state law through the 'adoption of State law as the law of the United States.'").  Therefore, California labor law simply does not apply here.

*Second*, even if applicable, *Mendiola* is inconsistent with federal law as articulated by the Ninth Circuit in *Brigham v. Eugene Water & Electric Board*, 357 F.3d 931 (9th Cir. 2004).  In *Brigham*, the Ninth Circuit was presented with a very similar factual circumstance to the one addressed by the court in *Mendiola*.  Employees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–2474–MWF(AGRx)            Date: August 11, 2015

Title:      Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

of the Eugene Water & Electric Board worked on a power plant in a national forest. *Id*. at 933. They were required, in part, to work one "duty shift" of 24 hours as part of their workweek. During this shift their required routine work took about 6 hours. *Id.* They were paid for 8 hours of work, and overtime on calls for non-routine work that lasted longer than 15 minutes. *Id.* However, beyond that they were not paid, despite being "on duty" for the entire 24 hour period and being required to remain at their homes on the job site. *Id*. at 933-34. In ruling that the employees' on-call waiting time was not compensable overtime the court looked for guidance to federal regulations regarding on-call and waiting time at 29 C.F.R. § 785.23. *Id.* at 940. This is the same regulation the California Supreme Court explicitly held was not incorporated by Wage Order 4 when it determined what constituted compensable work for 24 hour on duty shifts under California law. *Mendiola*, 60 Cal. 4th at 843.

      Plaintiffs' argument that *Brigham* and the Fifth Circuit cases to which Brinderson cites are not federal law is unpersuasive. As Brinderson correctly notes, Plaintiff cannot claim that *Mendiola* interpreting a Wage Order is California law, but a federal circuit court decision interpreting federal statutes and regulations is not federal law.

      At the hearing, Plaintiffs argued that OCSLA creates a hierarchy whereby state law is incorporated unless inconsistent with federal law or regulations promulgated by the Secretary of the Interior. State law, however, is applied to the oil platforms under the OCSLA even if it is inconsistent with other federal regulations or with federal common law. They contend that to the extent *Brigham* is considered inconsistent – which they also contest – it is federal common law, and applies a regulation issued by the Secretary of Labor, and so does not serve to preclude California state law, including *Mendiola*. In support of this argument Plaintiffs cited to *Chevron Oil Co. v. Huson*, 404 U.S. 97, 104–105 (1971), in which the Supreme Court held that under the OCSLA federal common law should not supersede state law to determine the appropriate statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–2474–MWF(AGRx)　　　　　　　　　Date: August 11, 2015

Title:　　Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

　　　However, neither of Plaintiffs' arguments as to the significance of *Brigham* are persuasive. First, *Brigham* is inconsistent with *Mendiola*. It is apparent from a comparison of the two cases that they cannot both state the law for establishing compensable overtime on 24-hour shifts on oil platforms under the OCSLA. The *Brigham* court relied heavily on the Secretary of Labor's regulation at 29 C.F.R. § 785.23 in holding that the district court must conduct fact finding to determine the extent to which plaintiffs worked more than 40 hours given the apparent variability of the time actually worked while on a 24-hour duty call shift. In *Mendiola*, by contrast, the California Supreme Court expressly addressed, and rejected the defendant's argument that § 785.23 should be adopted in evaluating the compensable time of the security guards working 24-hour shifts. 60 Cal. 4th at 843–42 ("The Court of Appeal correctly rejected [the] argument" that 29 C.F.R. § 785.23 be incorporated into Wage Order 4). The court distinguished between California law and the relevance of federal labor regulations. Therefore, the court determined that the amount of work actually conducted under circumstances highly analogous to those addressed by the court in *Brigham* was irrelevant to the time for which the plaintiffs had to be compensated under California law. The two cases are therefore clearly inconsistent.

　　　Second, *Brigham* is federal law, in that it construes a federal statute, and its reference to 29 C.F.R. § 785.23 does not render it irrelevant for the purposes of the OCSLA. As an initial matter, it is not, as Plaintiffs argued, federal common law like the Fifth Circuit's decision addressed in *Chevron*. In *Chevron*, the Court of Appeals had established a statute of limitations based on federal precedent instead of applying the state law statute of limitations. 404 U.S. at 104. It was this application of federal common law that the Supreme Court rejected. *Id.* By contrast, the *Brigham* court construed a federal statute. Such statutory interpretation is not federal common law.

　　　Further, while Plaintiffs are correct that 29 C.F.R. § 785.23 is not a regulation promulgated by the Secretary of Interior, and so not a regulation referred to by the OCSLA, it is also not a binding regulation. The regulation served as non-binding, persuasive authority as to the appropriate interpretation of the FLSA for the *Brigham* court. *Brigham* therefore is federal law because it construes a federal statute.

---

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　　　9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)                              Date:  August 11, 2015

Title:     Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

     Plaintiffs' argument (raised at the hearing) that the lack of a comprehensive definition of hours worked in the FLSA is not a "gap" for which state law needs to be incorporated, is also unpersuasive.  The Ninth Circuit's decision in *Brigham* shows that federal law governs the matter.

     Plaintiffs' third argument, that Brinderson's cases, including *Brigham*, are distinguishable because they addressed regulation of federal enclaves, is also unpersuasive.  The Supreme Court has made clear that areas governed by the OCSLA are to be considered federal enclaves.  *Tallentire*, 477 U.S. at 217 ("[t]he intent behind OCSLA was to treat the artificial structures covered by the Act as upland islands or as federal enclaves within a landlocked State"); *Rodrigue*, 395 U.S. at 355 (same); *see also Matte v. Zapata Offshore Co.*, 784 F.2d 628, 630 (5th Cir. 1986) ("[OCSLA] proclaims that [fixed platforms on the Outer Continental shelf] are federal enclaves").

     Plaintiffs cite to *California Federal Savings Loan Association v. Guerra*, 479 U.S. 272 (1987), for the proposition that the FLSA's savings clause makes *Mendiola* consistent with federal law, because an employer may comply with both federal and state law at the same time.  In *Guerra*, the Court addressed whether the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964 preempted California's Pregnancy Discrimination Act ("PDA").  The Court concluded that the California statute did not require employers to violate Title VII and so was not preempted.  In coming to this conclusion the Court stated that the PDA was "not inconsistent" with Title VII.  *Id*. at 292.

     This argument is unpersuasive because, despite both Title VII and the OSCLA referring to laws not being "inconsistent," the inquiry for incorporation of state law in federal enclaves is "more stringent" than the preemption analysis conducted by the *Guerra* Court.  *See Mersnick v. Usprotect Corporation*, C–06–03993 RMW, 2006 WL 3734396, at *7 (N.D. Cal. Dec. 18, 2006).  In *Mersnick*, the plaintiff argued that the FLSA savings clause permitted California labor law to apply to Vandenberg Air Force Base.  The court rejected the argument because, like the oil platforms at issue here, the base was a federal enclave.  *Id.*; *see also George v. UXB International, Inc.*, C–95–

**CIVIL MINUTES—GENERAL**                                                                                     10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–2474–MWF(AGRx)            Date: August 11, 2015

Title:     Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

20048–JW, 1996 WL 241624, at *3 (N.D. Cal. May 3, 1996) (concluding that daily overtime requirements under California law conflict with the FLSA, which considers only the weekly total number of hours worked to compute overtime, and therefore the California law did not apply on a federal enclave).

      Further, the preemption section of Title VII at issue in *Guerra* indicates Congressional intent to ensure that preexisting state law would survive and the Act should not be construed to invalidate state law. As recognized by *Mersnick*, that is a quite different proposition from adopting state law into an area of exclusive federal jurisdiction. This is particularly true where a federal statute already provides a comprehensive regulatory scheme and the purpose of incorporating state law is to fill such gaps as may exist through the sole application of federal law. The preemption concerns addressed in the FLSA savings clause, and the preemption section in Title VII address concerns of federal law occupying a field already covered by the states. By contrast, the OSCLA establishes federal enclaves into which state law is introduced for the purpose of ensuring an adequate legal regime without requiring Congress to legislate in areas of traditional state authority for each and every federal enclave.

      Plaintiffs also argued at the hearing that the FLSA savings clause has been construed by the Ninth Circuit to allow greater regulation under similar circumstances. Specifically, Plaintiffs directed the Court to *Pacific Merchant Shipping Association v. Aubry*, 918 F.2d 1409 (9th Cir. 1990), in which the Ninth Circuit held that California overtime laws applied to maritime workers on territorial and high seas. However, the *Aubry* panel applied a very different analysis to that relevant here. The Ninth Circuit had to address whether federal admiralty law and the FLSA allowed application of California employment law to marine workers. The Ninth Circuit conducted a balancing test and concluded that the laws did not unduly disrupt the harmony of the federal admiralty system, citing California's strong interests in applying its overtime law, and relative weak federal interests in precluding that law where the workers operated exclusively off the California coast. *Id*. at 1425. The preemption analysis, and balancing of the interests, is a very different analysis from that required by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)          Date:  August 11, 2015

Title:  Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

OCSLA.  Plaintiff provided no cases engaging in a similar analysis with regard to the OCSLA.  Therefore, the holding in *Aubry* inapposite and unpersuasive.

Plaintiff also argued that the CBA states that their claims are governed by California law and the Court should enforce this agreement by the parties.  At the hearing, Brinderson noted that the only reference to California law in the CBA is with regard to meal and rest breaks.  The CBA states in part that "[e]mployees are entitled to unpaid meal periods in accordance with California law and Company policy. . . . Employees are entitled to paid breaks in accordance with California law and Company policy."  (CBA at 5–6).

This singular reference to California law does not constitute an agreement between the parties that all disputes will be governed by California law.  However, it does indicate that California law applies to Plaintiffs in so far as they are entitled to rest and meal breaks.  Therefore, Plaintiffs' fifth claim for relief is governed by California law as a matter of contract, and therefore does not require incorporation by the terms of the OCSLA.  Plaintiffs therefore state a claim even if California law is inconsistent with federal law.

Plaintiffs' remaining claims, however, are premised on California law, which has no application on the Outer Continental Shelf.  Therefore, Plaintiffs fail to state a claim upon which relief may be granted.

Leave to amend may be denied when amendment would be futile.  Because the Court concludes that California law does not apply to Plaintiffs' first, second, third, fourth, sixth and seventh claims, the Court determines that amendment would be futile.  Therefore the Motion is **GRANTED** as to those claims *without leave to amend*.

> **B.** **Claims Subject to Arbitration Under the Collective Bargaining Agreement**

Because the Court determines that California employment law (including *Mendiola*) does not apply to the Outer Continental Shelf, it need not address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)                                       Date:  August 11, 2015

Title:      Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

Brinderson's arbitration argument, except as to Plaintiffs' fifth claim for meal and rest breaks.  Nonetheless, the Court will outline what its ruling would have been for all claims, in case this Order is appealed.

     Were the Court to fully address the issue, the Court would be guided in substantial part by the decision in the *Maiava* Action.  The Court would follow the authority and evidence submitted by Brinderson that the CBA does govern Plaintiffs' claims despite being former employees and working on off-shore oil platforms and not on California territory.  *See Indiezone, Inc. v. Rooke*, No.13–cv–04280–VC, 2014 U.S. Dist. LEXIS 82542, at *7–8 (N.D. Cal. June 17, 2014) ("the plaintiffs provide no authority for the proposition — and the Court is aware of none — that an agreement to arbitrate terminates at the end of an employment relationship."); (Declaration of Gary Wilson, ¶ 11, Ex. 4).

     As explained in *Maiava*, the FAA's general presumption of arbitrability does not extend to provisions within collective bargaining agreements as to statutory claims. *Maiava* Order at 19–22; *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 78 (1998) (holding that the presumption of arbitrability "does not extend beyond the reach of the principal rationale that justifies it, which is that arbitrators are in a better position than courts to interpret the terms of a CBA").  Instead, for statutory claims to be subject to the arbitration requirements, the waiver of a judicial forum must be "clear and unmistakable." *Metro. Edison Co. v. N.L.R.B.*, 460 U.S. 693, 708 (1983) (holding that a union may waive the protection afforded union officials against imposition of more severe sanctions for participating in an unlawful work stoppage but may do so only if it is "clear and unmistakable").  However, if a waiver is clear and unmistakable, then arbitration is enforceable under federal law.  *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 257 (2009) (holding that CBA's arbitration provision as to Age Discrimination Employment Act claim must be honored because statute was explicitly referenced in provision).

     Consistent with *Maiava*, only claims brought under statutes that are explicitly referenced by either the CBA or by incorporation in Wage Order 16 should be subject

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–2474–MWF(AGRx)                              Date:  August 11, 2015

Title:       Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

to arbitration.  *See also Powell v. Anheuser-Busch Inc.*, 457 F. App'x 679, 680 (9th Cir. 2011) ("We will not interpret a CBA to waive an individual employee's right to litigate statutory discrimination claims unless the CBA waiver "explicit[ly] incorporat[es] . . . statutory antidiscrimination requirements.") (quoting *Wright*, 525 U.S. at 80); *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 359–60 (5th Cir. 2012) ("[C]ourts have concluded that for a waiver of an employee's right to a judicial forum for statutory discrimination claims to be clear and unmistakable, the CBA must, at the very least, identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims."); *Martinez v. J. Fletcher Creamer & Son, Inc.*, CV 10–0968–PSG, 2010 WL 3359372, at *5 (C.D. Cal. Aug. 13, 2010) (finding no clear and unmistakable agreement to compel arbitration of Labor Code violations where the incorporated wage order did not explicitly reference the relevant statutory provisions).

The Court first addresses Plaintiffs' fifth claim which survives dismissal. Plaintiffs' bring the claim under Labor Code sections 512 and 226.7.  The CBA does not make explicit reference to either section.  However, despite extensive discussion of both required rest and meal breaks, Wage Order 16 refers to section 512, but not 226.7. Wage Order at 7.  The Court need not address this difference as it is persuaded by the reasoning in *Martinez* that the meal and rest break provisions of Wage Order 16 are insufficient to constitute waiver, despite reference to Labor Code section 512, because Plaintiffs are exempted from those provisions under the CBA.  2010 WL 3359372, at *5; *see also Maiava* Order at 22, n. 15.  Therefore Plaintiffs' fifth claim would not be subject to arbitration.  The Court therefore **DENIES** the Motion as to this claim on the basis of the CBA's arbitration provision.

For the remaining claims which the Court dismissed above, the Court would rule as follows.  Because Labor Code section 226 is referenced explicitly in Wage Order 16, Plaintiffs' second claim for failure to provide accurate pay stubs under Labor Code section 226 would be subject to mandatory arbitration and therefore dismissal under Rule 12(b)(6) would be appropriate. Wage Order 16 at 6; *see also Maiava* Order at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–2474–MWF(AGRx)            Date: August 11, 2015

Title:     Arthur Williams, et al. -v- Brinderson Constructors Inc., et al.

      By contrast, there is no reference to Labor Code sections 1194 or 201. Therefore, Plaintiffs' first claim for minimum wages and fourth claim for failure to timely pay wages on termination under those sections would not be subject to arbitration. Plaintiffs' sixth claim under Labor Code section 510 for failure to pay overtime is also not waived by any explicit reference to that Labor Code section. The only reference in Wage Order 16 to section 510 is a narrow and unrelated reference to certain travel time that may be compensable under the statute. Wage Order 16 at 6. This is not sufficiently clear and unmistakable to waive a judicial forum for all Plaintiffs' overtime claims and so would not be subject to the arbitration requirements of the CBA.

      As the court in the *Maiava* Action did, the Court would hold that the UCL claim would survive mandatory arbitration to the extent it is based on statutory claims that were themselves not subject to arbitration, but not to Plaintiffs' second claim which is subject to arbitration. *Maiava* Order at 22.

      The *Maiava* court did not address the California Supreme Court's decision in *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348 (2014) cert. denied, 135 S. Ct. 1155 (2015). In *Iskanian* the court held that "an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy" and such a decision is not preempted by the FAA. *Id.* at 360. The effect of *Iskanian* presents a challenging question and district courts have been split as to whether the decision is preempted by the Federal Arbitration Act. *Compare Mohamed v. Uber Technologies, Inc.*, No. C-14-5200 EMC, 2015 WL 3749716, at *25 (N.D. Cal. June 9, 2015) ("Thus, there is no reason to conclude that *Concepcion* would preempt *Iskanian's* requirement that representative PAGA actions be allowed to proceed either in court or in arbitration. The *Iskanian* rule is not preempted by the FAA."); *with Nanavati v. Adecco USA, Inc.*, No. 14-CV-04145-BLF, 2015 WL 1738152, at *6 (N.D. Cal. Apr. 13, 2015) (following the "weight of federal courts" and holding that *Iskanian* is preempted by the FAA).

      In light of the Court's determination that the OCSLA requires dismissal of all but one of Plaintiffs' claims, and the surviving claim is not subject to arbitration, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–2474–MWF(AGRx)            Date: August 11, 2015

Title:     Arthur Williams, et al. -*v*- Brinderson Constructors Inc., et al.

Court will not resolve this complicated and contested issued before receiving clear direction from the Ninth Circuit.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion as to only Plaintiffs' fifth claim for relief, and then the third and seventh claims to the extent they are based on the fifth claim. Otherwise, the Court **GRANTS** the Motion as to Plaintiffs' first, second, third, fourth, sixth and seventh claims, *without leave to amend*.

Brinderson shall file and serve an Answer to Plaintiffs' third, fifth and seventh claims within **14 days** of the filing of this Order.

IT IS SO ORDERED.